UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM CHAMPER,

    Petitioner,

v.                                       CASE NO. 6:14-cv-1966-Orl-31TBS

STATE OF FLORIDA,

    Respondent.

## ORDER

Petitioner, a pretrial detainee at the John E. Polk Correctional Facility, has filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: [1]

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition "'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

In the petition, Petitioner requests the Court to order his immediate release from custody. (Doc. No. 1); *see also* Doc. No. 3 (noting that the State has violated his right to speedy trial and requesting an order directing the state court "to proceed no further in prosecuting Petitioner").

"[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "'[F]ederal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)). "[T]here is a distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Id.* at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).[2] The distinction of whether a speedy trial claim may proceed depends upon the

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the

type of relief sought:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Dickerson*, 816 F.2d at 226 (quoting *Brown*, 530 F.2d at 1283). As such, courts have held that the constitutional right to speedy trial is not a per se "special circumstance" warranting federal habeas relief prior to the conclusion of the state proceedings. *See, e.g., Dickerson,* 816 F.2d at 227; *Brown*, 530 F.2d at 1282-84.

Review of the petition establishes that Petitioner is essentially requesting this Court to order the state court to stop prosecuting him on his pending charges. Petitioner may not proceed on his potential speedy trial claim in this Court because it is an affirmative defenses to the charges in his pending state criminal proceeding.[3] *See*

---

Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

[3]Furthermore, Petitioner has not demonstrated that he has exhausted any speedy trial claim raised in the instant petition. Additionally, Petitioner has not requested the Court to order the state court to try him on his pending criminal charges based on a violation of his right to speedy trial. Thus, if Petitioner requests in the state court to be tried as soon as possible, the state court rejects this request, and he exhausts his remedies at the state level, he may then seek to force the State to proceed to trial by filing a petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241. *See, e.g., Trimble v. Allen*, 2011 WL 672335, at *2; *see also Picard v. Connor*, 404 U.S. 270 (1971) ("We emphasize that the federal claim must be fairly presented to the state courts. . . . [I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the

*Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985).

Furthermore, Petitioner can raise his challenges relating to the prosecution of his criminal case in his state court proceedings.  Absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings.  *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings.  *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised).  Therefore, it appears that abstention is appropriate as to any claims regarding Plaintiff's pending state criminal charges.

Accordingly, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by William Champer is **DISMISSED WITHOUT PREJUDICE**.

---

federal courts. . . . Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts. . . .").

2. Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 3) is **DENIED** as moot.

3. This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, Petitioner is **DENIED** a certificate of appealability.

4. The **Clerk of Court** is directed to close this case and enter judgment accordingly.

5

**DONE AND ORDERED** in Orlando, Florida, this 15th day of December, 2014.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
William Champer